NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-240

COMMONWEALTH

vs.

DARTANYAN PLEDGER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of second-degree murder, armed assault with intent to murder, assault and battery with a dangerous weapon, and three firearms crimes. His convictions were affirmed in an unpublished decision by a panel of this court. See Commonwealth v. Pledger, 98 Mass. App. Ct. 1118 (2020). He now appeals from the trial judge's orders denying his posttrial motions for a required finding of not guilty and, in the alternative, for a new trial. The defendant asserts that the judge erred in denying the motion for a required finding of not guilty because the evidence was insufficient to link the defendant to the crime. He also maintains that his trial counsel was ineffective for failing to

object to testimony that his codefendant brother used a certain telephone number.  We affirm.

"A motion for [a] new trial is addressed to the sound discretion of the judge," Commonwealth v. Moore, 408 Mass. 117, 125 (1990), and is "granted only in extraordinary circumstances."  Commonwealth v. Comita, 441 Mass. 86, 93 (2004).  "Where, as here, the motion judge [was] also the trial judge, we give 'special deference' to the judge's findings of fact and . . . decision on the motion" (citation omitted). Commonwealth v. Kolenovic, 471 Mass. 664, 672-673 (2015). "Reversal for abuse of discretion in such circumstances is particularly rare" (quotation and citation omitted). Commonwealth v. Goparian, 496 Mass. 348, 357 (2025).

When we review the sufficiency of the evidence, "[the] question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). We bear in mind that guilt may be established by circumstantial evidence "and that the inferences a jury may draw from the evidence 'need only be reasonable and possible and need not be necessary or inescapable.'"  Commonwealth v. Linton, 456 Mass. 534, 544 (2010), S.C., 483 Mass. 227 (2019), quoting Commonwealth v. Lao, 443 Mass. 770, 779 (2005).

2

A successful claim for ineffective assistance of counsel requires a showing that (a) counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer"; and (b) such conduct deprived the defendant of "an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "The burden lies with the defendant . . . and with respect to the second prong of the Saferian test, the defendant must show that better work might have accomplished something material for the defense" (quotation and citation omitted). Commonwealth v. Phinney, 446 Mass. 155, 162 (2006), S.C., 448 Mass. 621 (2007). We give deference to counsel's tactical decisions unless they are "manifestly unreasonable." Commonwealth v. White, 409 Mass. 266, 273 (1991), quoting Commonwealth v. Adams, 374 Mass. 722, 728 (1978).

The defendant was indicted for first-degree murder. The crimes arose after a shooting outside a party that left one victim dead and another injured. By motion under Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), the defendant argued that he was entitled to a required finding of not guilty, asserting that there was "insufficient proof of the element of identification." After a nonevidentiary hearing, the motion was denied in an oral ruling.

Citing the Latimore standard, the defendant adopted the Commonwealth's factual statement from its opposition to the

3

codefendant's motion for a new trial. But we do not have the trial record supporting these facts. While the factual recitation refers to transcript pages and appendix pages, we have neither the transcripts nor any appendix to which those page numbers correspond. The documents in the Commonwealth's multivolume appendix consist of exhibits and arguments that the Commonwealth maintains support affirmance, and do not include any trial or hearing transcripts.

The Massachusetts Rules of Appellate Procedure require that the appellant's brief contain, among other things, citations to the record and trial transcripts on which the appellant relies. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). See also Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (insufficient basis for appellate consideration where appellant "failed to support his claims of error with sufficient legal argument . . . and fail[ed] to cite to sufficient supporting authority").

The appellant is also responsible for preparing and filing an appendix containing "any parts of the records relied upon in the brief," as well as "any findings or memorandum of decision or order by the lower court pertinent to an issue on appeal." Mass. R. A. P. 18 (a) (1) (A), as appearing in 481 Mass. 1637 (2019). See, e.g., Everett v. 357 Corp., 453 Mass. 585, 604 n.26 (2009) ("It is [appellant's] obligation to include in the record appendix any document on which he relies"); Arch Med.

4

Assocs. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992) ("The burden is on the appellant in the first instance to furnish a record that supports his claims on appeal"). "When a party fails to include a document in the record appendix, an appellate court is not required to look beyond that appendix to consider the missing document." Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007).

Here, we are stymied in our attempt at review because the defendant's brief does not rise to the level of appellate argument as required by Mass. R. A. P. 16 (a) (9) (A), and the appendix fails to comply with Mass. R. A. P. 18 (a) (1) (A). Accordingly, the defendant's appeal fails.

Orders denying motions for a required finding of not guilty and for a new trial, affirmed.

By the Court (Walsh, Hershfang & D'Angelo, JJ.[1]),

Clerk

Entered: July 21, 2026.

---

[1] The panelists are listed in order of seniority.